UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BOBBY CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0199 (JR) |
| | ) | |
| ALBERTO GONZALES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

**I.   Plaintiff Fails to State Either a Religious Freedom Restoration Act (RFRA) or First Amendment Claim**

As he did in his complaint, plaintiff continues to make only conclusory allegations that his Santeria religion requires a kosher diet, yet he still fails to articulate how such a diet is related to his religion. Instead, plaintiff relies upon the claim that he was permitted a religious diet while he was incarcerated at another institution. Pl. Opp. at 12-13. Even assuming this to be the case, plaintiff does not dispute that RCI and BOP policies provide that the prison chaplain meets with a prisoner regarding his request for a religious diet and determines the prisoner's need for such a diet. See Def. Mot. to Dismiss, Ex. 2 and 3. Thus, when plaintiff was transferred to RCI in June, 2005, the applicable regulations and policy provided for such meetings in order to determine plaintiff's continuing need for a religious diet. Id . Moreover, the plaintiff does not dispute that RCI prison Chaplain Brown met with and interviewed him, and asked him to provide information and documentation to demonstrate that he has a sincerely held belief that is religious in nature. See Def. Mot. to Dismiss, Ex. 1; see also Pl. Opp. at 13. Finally, plaintiff does not

allege that he provided Chaplain Brown with any such requested information. Consequently, and as set forth in Chaplain Brown's declaration, plaintiff's request for a kosher diet was denied, not because he does not practice the Jewish faith, but rather because the plaintiff was unwilling to provide any requested information to allow the chaplain to make an informed decision as to whether he had a sincerely held religious belief. Def. Mot. to Dismiss, Ex. 1; see Dehart v. Horn, 227 F. 3d 47, 52 (3rd Cir. 2000) (finding that prisons are protected from random requests for special diets by the requirement that the request be "the result of sincerely held religious beliefs"); see also Jackson v. Mann, 196 F.3d 316, 317 (2$^{d}$ Cir. 1999) (stating that kosher meal eligibility in the New York Department of Corrections is based on "a process of interview and review of documentation to substantiate the inmate's Judaic background and intent to strictly observe Jewish dietary law"). Absent any such showing, plaintiff fails to establish a claim under RFRA or the First Amendment.

## II.     Transfer to the Eastern District of North Carolina is Appropriate

Even if this action is not dismissed, the Court should still transfer this matter to the United States District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice. Plaintiff's opposition fails to provide any persuasive arguments for why venue in the District Court for the District of Columbia is appropriate.

Plaintiff argues unconvincingly that venue in this district is proper for the following reasons: (1) defendants Gonzalez, Lappin, and Harvey[1] are employed in Washington, D.C.; (2)

---

[1] Peter Geren, Acting Secretary of the Army, is substituted for former Secretary Francis Harvey in his official capacity. E.g. Fed. R. Civ. P. 25(d)(1).

defendants Gonzalez and Lappin are responsible for the oversight and supervision of the BOP and any prisoners incarcerated within the BOP; (3) defendant Harvey is responsible for the oversight and supervision of all military prisoners within BOP custody; and (4) GEO Group, the private corporation that runs RCI and other prisons throughout the United States, has transacted business with various Agencies headquartered in the District of Columbia.  Pl. Opp. at 18-24.  None of these arguments are persuasive.

As discussed in defendants' motion to dismiss, the District of Columbia Circuit and this Court have expressly rejected the notion that inmates incarcerated in other jurisdictions can challenge their conditions of confinement in this district simply because it is the location of the BOP's Central Office.  As the District of Columbia Circuit Court has stated, "Courts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).  Indeed, the District of Columbia Circuit has recognized that "many, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." Starnes v. McGuire, 512 F.2d 918, 926 (D.C. Cir. 1974) (en banc).  Applying plaintiff's reasoning, any legal action against the BOP, the DOJ, or the Army could be brought in this district, for no other reason than that the heads of these agencies are located in Washington, D.C.  This type of tenuous association and venue manufacturing has been expressly rejected by this Court and should again be rejected here.

Notably, plaintiff does not even attempt to address any of the factors set forth by the Circuit Court in Starnes v. McGuire, 512 F.2d 918, 927-31 (D.C. Cir. 1974).  Moreover, he does

not dispute any of the following factors that clearly warrant transfer to North Carolina: (1) that he is currently housed at the RCI in Winton, North Carolina; (2) that he is challenging actions taken by individuals at RCI in North Carolina; (3) that his injury was allegedly caused at RCI in North Carolina; (4) that his witnesses are located at RCI in North Carolina; and (5) that his records are located at RCI in North Carolina.

If this matter is not dismissed, then transfer of this case is clearly appropriate under Starnes. "In some cases the claim will require testimony or files most easily obtained at or near the place of incarceration. In such cases, the district in which the institution is located will ordinarily be the more convenient forum." Id. at 931. This is one of those cases. Plaintiff alleges that he is being subjected to improper conditions of confinement in RCI located in North Carolina, pursuant to policies adopted and implemented by RCI. Therefore, most of the documents and witnesses required to litigate plaintiff's claims are located in North Carolina.

## CONCLUSION

For the reasons set forth above and in the defendants' motion to dismiss, this action should be dismissed. If it is not dismissed, it should be transferred to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. §1404(a).

Respectfully submitted,

\_\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

        \_\_\_\_\_/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this 13th day of August, 2007, I caused service of the foregoing **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** to be made on the *pro se* plaintiff via first class mail:

    **BOBBY RAY CURRY, JR**
    CI RIVERS
    P.O. Box 630
    Winton, NC 27986-0630
    Register No. 11324-045

    Respectfully submitted,

    __/s/_____
    QUAN K. LUONG
    Special Assistant United States Attorney
    555 Fourth Street, N.W., Room E-4417
    Washington, D.C. 20530
    (202) 514-9150 (telephone)
    (202) 514-8780 (facsimile)