UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

AUG 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| BOBBY RAY CURRY, JR. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0199(JR) |
| ALBERTO GONZALES, et al. | ) |
| Defendants. | ) |

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION
TO STRIKE DEFENDANTS' MOTION TO DISMISS COMPLAINT, OR
IN THE ALTERNATIVE, TO TRANSFER VENUE

In the instant case, the defendants' want to have their cake and eat it too. On the one hand, any favorable recommendations by BOP officials for the plaintiff such as the return of forfeited good days is denied by military officials even though the plaintiff has superior programming and has no incident reports in the BOP, and on the other hand, on information and believe, military officials will grant recommendations for disciplinary actions against plaintiff such as the forfeit of good days. Since military officials hold such authority over military prisoners housed in BOP facilities, then they have a "continuing responsibility" and should be held liable for any wrong suffered by those prisoners under BOP custody and control.

The Department of the Army has an agreement with the BOP, and the BOP has a contract with Wackenhut Corrections Corporation (Now The GEO Group, Inc.). The contract between Wackenhut

Corrections Corporation and contracting officer, United States

of America, provides:

> 1. Page 5, lines 12 - 18. " The contractor shall ensure
> that the institution is operated in a manner consistent
> with the mission of the BOP. It is the mission of the
> BOP to protect society by confining offenders in con-
> trolled environments of prison and community-based
> facilities that are safe, humane, cost-efficient, and
> appropriately secure, and that provide work and other
> self-improvement opportunities to assist offenders in
> becoming law-abiding citizens."
>
> 2. Page 6, lines 32 - 38, Pg 7, lines 1 -6.  "All ser-
> vices and programs shall comply with the SOW; the U.S.
> Constitution; all applicable Federal, state and local
> laws and regulations; applicable Presidential Exe-
> cutive Orders (E.O.); all applicable case law, consent
> decrees, and Court Orders. Should a conflict exist
> between any of the aforementioned standards, the most
> stringent shall apply. When a conflict exists and a
> conclusion cannot be made as to which standard is
> more stringent, the CO shall determine the appro-
> priate standard. The contractor shall comply with and
> implement any applicable changes to BOP policy, DOJ
> regulations, Congressional mandate, Federal law, DC
> law, or E.O. Should the Government invoke such changes
> the contractor retains its rights and remedies under
> the terms and conditions of the contract."
>
> 3. Pg 23, lines 28 -36. "Activities which are implemented,
> in whole or in part, with Federal Funds must comply with
> applicable legislation and regulations established to pro-
> tect the human or physical environment and to ensure public
> opportunities for review. Contractor shall remain in com-
> pliance with Federal statutes during the performance of the
> contract, including but not limited to the **Clean Air Act,**
> Clean Water Act, Endanger Species Act, Resource Conser-
> vation and Recovery Act, and other applicable laws, reg-
> ulations, and requirements."
>
> 4. Pg 30, lines 32 - 34. "The contractor shall ensure
> religious services program standards as established by
> the Religious Freedom Restoration Act are maintained."

5. Pg 32, lines 2 - 6. "The contractor shall ensure classification and program review of inmates in accordance with the requirements contained in P.S. 5322.10, Class-ification and Program Review of Inmates, P.S. 5100.06, Security Designation and Custody Classification Manual and CFR 524 are accomplished."

The defendants through their agreements and contracts have a duty and responsibility to ensure that The GEO Group, Inc. and their employees comply with the terms of the contract. The defen-dants failed in that duty when they allowed The GEO Group, Inc. to violate the Clean Air Act and exposed plaintiff to the unsafe environment of second-hand tobacco smoke, and when they allowed The GEO Group, Inc. to violate the Religious Freedom Restoration Act, by refusing plaintiff his religion-based diet because he does not practice the Jewish faith. In addition, the defendants should not have placed the plaintiff at Rivers, a privately operated prison, because the plaintiff was not sentence to incarceration under the District of Columbia Code and only such persons sentenced to incarceration under the District of Columbia Code may be place in privately operated prisons. Title 18 U.S.C.A. § 4001, Placement of Prisoners in Privately Operated Prisons.

## CONCLUSION

For the reasons set forth above and in the plaintiff's motion to strike defendants' motion to dismiss complaint, or in the alternative, to transfer venues, this action should not be dismissed.  The plaintiff is being transferred from Rivers, therefore transferring this action to the Eastern District of

3

North Carolina is not appropriate, especially since the plaintiff has already attempted to litigate in the Eastern District of North Carolina. Also the plaintiff has stated Religious Freedom Restoration Act (RFRA) and First Amendment claims in prior motions.

Respectfully submitted,

*Bobby Ray Curry, Jr.*

BOBBY RAY CURRY, JR.
Pro Se

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August, I caused service of the foregoing PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER VENUE, and LETTER TO CLERK, SUBJECT: TRANSFER to be made on the defendants via first class mail:

> Quan K Luong
> Special Assistant U.S. Attorney
> 555 Fourth Street, NW, Room E-4417
> Washington, D.C. 20530

> Respectfully submitted,

> *Bobby Ray Curry, J.*
> BOBBY RAY CURRY, JR.
> CI Rivers
> P.O. Box 630
> Winton, N.C. 27986
> Register No. 11324-045