UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOBBY RAY CURRY, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | Civil Action No. 07-0199 (JR) |
| : | |
| ALBERTO R. GONZALES *et al.*, : | |
| : | |
| Defendants. : | |

MEMORANDUM OPINION

Plaintiff is a federal prisoner who filed this action while incarcerated at the Rivers Correctional Institution ("RCI") in Winton, North Carolina. He alleges that defendants violated his First Amendment right to religious freedom by depriving him of a kosher diet.[1] He also alleges that defendants violated his Eighth Amendment right by knowingly exposing him to unreasonable levels of second-hand smoke. Plaintiff seeks monetary damages and injunctive relief. Defendants move to dismiss or to transfer the case to the Eastern District of North Carolina. Because plaintiff has been transferred to a federal facility in Sandstone, Minnesota, the transfer issue and the claim for injunctive relief are moot. The Court will grant defendants' motion to dismiss the remaining claim for damages.

Plaintiff sues former Attorney General Alberto R. Gonzales, Bureau of Prisons Director Harley Lappin and former Army Secretary Francis J. Harvey in their official and individual capacities. Plaintiff does not allege that these high-level officials were personally and directly

---

[1] In addition to the Constitution, plaintiff invokes the Religious Freedom Restoration Act ("RFRA), 42 U.S.C. § 2000bb, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. By its terms, the latter statute does not apply to the federal government. 42 U.S.C. § 2000cc-1, -5(4).

involved in the misdeeds; thus, he fails to state a claim against them in their individual capacities. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).

The official-capacity claims are necessarily against the United States. The United States has not waived its immunity from a damages lawsuit based on constitutional torts, *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), and the RFRA provides no such waiver. *Webman v. Federal Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006).

For the foregoing reasons, defendants' motion to dismiss is granted. A separate Order accompanies this Memorandum Opinion.

JAMES ROBERTSON
United States District Court